**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711, | Civil Action No.: |
| | |
| | **COMPLAINT** |
| *Plaintiffs,* | |
| v. | |
| KENNETH BRUMMETT, JR., INC. doing business as KRB CONTRACTING AND KENNETH R. BRUMMETT PAINTING, INC. | |
| *Defendants.* | |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and 28 U.S.C. §1331.

2.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendant maintained or maintains a principal place of business in the State of New Jersey.

3.     A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.     Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) ("CBA") in

2

accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

5.    Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

6.    Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5). The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

7.    Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied

Trades District Council 711 Vacation Fund; and Painters District Council 711

Finishing Trades Institute (collectively "Funds") maintain their principal place of

business at 27 Roland Ave, Suite 200, Mt. Laurel, New Jersey 08054.

8.     The Funds are also the collecting agent for the Labor Management

Cooperation Initiative ("LMCI"), National Finishing Trades Institute of New

Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), the Political Action

Committee ("PAC"), Safety Training Recognition Awards Program ("Stars"), the

Job Targeting Program ("Job Targeting"), and Political Action Together ("PAT").

9.     The Funds are authorized to sue in their own names pursuant to

Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

10.    The Trustees of the Funds are fiduciaries within the meaning of

Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

11.    The Funds bring this action on behalf of their Trustees, committee

members, participants and beneficiaries pursuant to Section 502 of ERISA, 29

U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12.    Plaintiff International Union of Painters and Allied Trades District

Council 711 (the "Union") brings this action for dues check-offs and other

contributions owed pursuant to the CBA(s).

13.    The Union is a labor organization within the meaning of Section 301

of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4),

and represents employees in an industry affecting commerce.

14.    The Union maintains it principal place of business at 26 East Fleming Pike, Hammonton, New Jersey 08037.

15.    Defendant, Kenneth Brummett, Jr., Inc. (Brummett) doing business as KRB Contracting and Kenneth R. Brummett Painting, Inc., is referred to as "Defendant" or "Employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

16.    Upon information and belief, Defendant Brummett maintained or maintains its principal place of business at 220 Zion Road, Egg Harbor Township, New Jersey 08234.

17.    Defendant Brummett conducted or conducts business in the State of New Jersey.

## COUNT ONE

### Failure to Remit Contributions

18.    The Funds incorporate the allegations in Paragraphs 1 through 17 of this Complaint as if set forth herein in their entirety.

19.     At all relevant times, Defendant Brummett was party to or agreed to abide by the terms and conditions of a CBA(s) with the Union or one or more local labor unions or district councils affiliated with the Union.

20.     The CBA provides that Defendant Brummett must make specified fringe benefit contributions to the Funds, and remit administrative dues as required by the CBA for Defendant Brummett's represented employees.

21.     The foregoing CBA was executed by Defendant Brummett.

22.     Despite its contractual obligation, and though it reaped the benefit of the labor provided by their employees, Defendant Brummett failed to remit the required contributions to the Funds for the benefit of its employees.

23.     A payroll compliance review revealed that Defendant Brummett failed to remit or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, the period of January 1, 2010 through May 31, 2017.

24.     Payment of the delinquent contributions and penalties assessed against Defendant Brummett has been demanded by the Funds, but Defendant Brummett has refused to submit the required payments.

25.     Such delinquencies constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

26.     Failure to pay the delinquencies enumerated in the CBA is violative of

29 U.S.C. §1145.

27.     This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A)     Order Defendant Brummett to pay all contributions due and owing to the Funds and the Union;

(B)     Order Defendant Brummett to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C)     Order Defendant Brummett to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D)     Order Defendant Brummett to pay a penalty of 20% of the unpaid balance pursuant to the Funds' Collection Policy;

(E)     Order Defendant Brummett to specifically perform all obligations to the Funds under the CBA;

(F)     Order Defendant Brummett to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

7

(G)     Order such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

### Failure to Remit Dues Check-Offs

28.     Plaintiffs incorporate the allegations of Paragraphs 1 through 27 of this Complaint as if set forth herein in their entirety.

29.     Defendant Brummett is signatory to, or has assented to, the CBA with the District Council 711 and employs Union members.

30.     Defendant Brummett failed to remit dues check-offs for the period including, but not limited to, January 1, 2010 through May 31, 2017.

31.     Defendant Brummett violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

32.     Payment of the dues check-off amounts have been demanded by the Plaintiff Union, but Defendant Brummett has refused to submit the required payments.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

(A)     Order Defendant Brummett to pay dues check-offs due and owing to the Plaintiff Union; and

(B)     Order such further legal, equitable or other relief as is just and proper.

8

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____

Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax: 856-795-2182
dfeehan@obbblaw.com

Dated: October 4, 2018

9